**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21138-BLOOM**

EDUBI MENA ANTONIO,

     Petitioner,

v.

WARDEN, Krome Service Processing Center;
MIAMI ICE FIELD OFFICE DIRECTOR,
Enforcement and Removal Operations,
Immigration and Customs Enforcement;
PAMELA BONDI, Attorney General; and
KRISTI NOEM, Secretary of Department of
Homeland Security,

     Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner Edubi Mena Antonio's ("Petitioner")

Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging that he has been

unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. ECF No. [1]. The

Court ordered a response from Respondents, Warden of Krome Service Processing Center, Miami

ICE Field Office Director, the Attorney General, and the Secretary of the Department of Homeland

Security (together, "Respondents"). *See* ECF No. [3]. Respondents timely filed a Response, ECF

No. [4]. The Court has considered the Petition, the Response, the record in this case, applicable

law, and is fully advised. For the reasons set forth below, the Petition is granted in part and denied

in part.

### I.    FACTUAL BACKGROUND

Petitioner is a Mexican national who entered the United States without inspection in 2003.

ECF No. [1] ¶ 1. Respondents state that Petitioner was granted voluntary departure, left the United States in 2003, and then re-entered without inspection. ECF No. [4] at 1. On September 22, 2025, Petitioner was stopped by Florida Highway Patrol during a traffic stop and was transferred to ICE custody to be held in immigration detention pursuant to 8 U.S.C. § 1229a. ECF Nos. [1] ¶ 8, [4] at 2. The Department of Homeland Security charged Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as someone who entered the United States without being admitted or paroled. ECF Nos. [1] ¶ 8, [4] at 2.

Petitioner is in ICE custody at the Krome Service Processing Center pending the conclusion of his removal proceedings. ECF No. [4] at 2. Petitioner filed the instant Petition on February 19, 2026, asserting his detention is unlawful because he is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Noem*, No. 5:25-cv-01873, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). ECF No. [1] ¶¶ 2-7. Petitioner requests release or, alternatively, a bond hearing under 8 U.S.C. § 1226(a). *Id.* ¶¶ 11-12. Respondents state Petitioner is properly detained pending removal proceedings under § 1225(b)(2)(A). ECF No. [4] at 3.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   DISCUSSION

#### A.  Exhaustion of Administrative Remedies

Respondents argue that the Petition should be dismissed because Petitioner has failed to exhaust available administrative remedies and has not shown administrative review would be futile. ECF No. [4] at 17-18. Although Petitioner does not directly address administrative exhaustion, the Court concludes exhaustion would be futile.

The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but rather prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (acknowledging the abrogation of prior Eleventh Circuit precedent interpreting § 1252(d)(1) as a jurisdictional bar by *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)). As a result, administrative "exhaustion is not required where no genuine opportunity for adequate relief exists . . . or an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). In *Yajure Hurtado*, the Board of Immigration Appeals ("BIA") concluded that "aliens who are present in the United States without admission are applicants for admission under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." 29 I&N Dec. 216, 220 (BIA 2025). Courts have concluded that because of *Yajure Hurtado*, any appeal to the BIA is essentially futile. *See, e.g.*, *Puga v. Assistant Field Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of Petitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure Hurtado*, any prudential exhaustion requirements are excused for futility."). The Court therefore excuses exhaustion.

#### B.  Detention Pending Removal Proceedings

Petitioner asserts that he is a member of the *Maldonado Bautista* Bond Eligible Class and

is entitled to a bond hearing under § 1226(a). ECF No. [1] ¶¶ 40-41. Respondents argue that the decision in *Maldonado Bautista* is neither binding, preclusive, nor applicable to Petitioner. ECF No. [4] at 11-17. Respondents assert that Petitioner is an "applicant for admission" and is properly detained without bond under § 1225(b)(2)(A). *Id.* at 3-10. Respondents argue § 1226(a) does not apply to Petitioner. *Id.* Consistent with this Court's prior rulings[1] and the rulings of numerous other courts, the Court concludes that, as a matter of statutory interpretation, Petitioner is detained pursuant to § 1226(a).

As relevant here, two statutes govern the detention of foreign nationals: 8 U.S.C. §§ 1225 and 1226. Section 1225 governs the inspection, detention, and removal of so-called "applicants for admission." *See* 8 U.S.C. § 1225 *et seq*. Pursuant to the statute, applicants for admission are defined as foreign nationals "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id*. All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

Section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a)[2] provides that when a foreign national has been "arrested and detained pending a

---

[1] *See, e.g.*, Order Granting Petition for Writ of Habeas Corpus at 10, *Huerta-Lopez v. Miami Ice Field Office Director, et al.,* No. 26-cv-20165 (S.D. Fla. Mar. 23, 2026), Dkt. No. 8 (finding that the petitioner, who was appended approximately eight years after he entered the United States, was detained pursuant to the authority of 8 U.S.C. § 1226(a) and was entitled to a bond hearing before an immigration judge). The Court adopts and fully incorporates its reasoning in *Huerta-Lopez.*

[2] 8 U.S.C. § 1226(c) requires the Attorney General to take certain categories of foreign nationals into custody pending a removal determination. Neither party argues § 1226(c) applies.

decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2.

This Court and numerous other courts have rejected Respondents' argument that foreign nationals already in the country are "applicants for admission" and thus under the purview of §1225(b)'s mandatory detention.[3] Instead, the Supreme Court has treated foreign nationals who, like Petitioner, are already in the United States as being governed by § 1226(a). *See Jennings*, 583 U.S. at 297, 303 (stating that § 1225(b) "applies primarily to aliens seeking entry into the United States" whereas § 1226 "applies to aliens already present in the United States"); *see also Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (distinguishing foreign nationals "who have come to our shores seeking admission" from "those who are within the United States after an entry, irrespective of its legality.").

Here, Petitioner entered the United States in 2003 and was arrested over 20 years later. ECF Nos. [1] ¶ 1, [4] at 1-2. Petitioner is not an "applicant for admission," and his detention is governed by § 1226(a). Thus, he is not lawfully held under 8 U.S.C. § 1225(b). Accordingly, the Court finds that Petitioner is detained in violation of the laws of the United States pursuant to 8

---

[3] The vast majority of courts have sided against Respondents on this issue. *See Perez v. Parra*, No. 1:25-cv-24820-KMW, Dkt. No. 9 at 6-10 (S.D. Fla. Oct. 27, 2025) (collecting "countless" cases). The Fifth and Eighth Circuits agreed with Respondents' interpretation of the statutes. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Second Circuit recently issued a decision disagreeing with Respondents' interpretation. *See Barbosa Da Cunha v. Freden*, No. 25-3141-pr, slip op. at 2-3 (2d Cir. Apr. 28, 2026) (finding that "[§] 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry."). The Eleventh Circuit heard oral argument but has not yet ruled on the issue. *See* Oral Argument, *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065 (11th Cir. Mar. 26, 2026); Oral Argument, *Cerro Perez v. Assistant Field Office Dir., et al.*, No. 25-14075 (11th Cir. Mar. 26, 2026).

U.S.C. § 2241. Furthermore, the Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Because the Court concludes Petitioner is entitled to a bond hearing under § 1226(a) based on statutory interpretation, the Court does not address the parties' arguments regarding the *Maldonado Bautista* Bond Eligible Class.

### IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED, in part** and **DENIED in part**.

2. Within five (5) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

3. Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5. Petitioner may separately file a request for attorney's fees and costs under the Equal Access to Justice Act (EAJA).

6. The Clerk of Court shall **CLOSE** this case.

7. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all

pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 28, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of record